UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAMILLUS K. LEWIS,<br><br>　　　　Defendant. | Case No. 6:22-mj-00005-HBK<br><br>GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO APPEAR BY VIDEO<br><br>(Doc. No. 11) |

　　　　Pending before the Court is the Defendant's motion to appear by video for his mandatory June 13, 2023 Review Hearing, filed on June 8, 2023.  (Doc. No. 11).  Defendant requests to appear by video due to unspecified mental health struggles and challenges obtaining transportation.  (*Id*. at 1).  Defendant also requests that the Court decline to issue a warrant for his arrest for any violation of the terms of his unsupervised probation.  (*Id*. at 2).

　　　　The Government has not indicated whether it opposes the Defendant's request to appear by video for his review hearing and given the motion's late filing date will not have had the seven days permitted by the Court's Local Rule to file its opposition.  L.R. 430.1(f).  [1]  Given the need to rule on the Defendant's request before his mandatory June 13, 2023 Review Hearing, the Court considers the motion without a benefit of a response by the Government.

---

[1] Under the Local Rules, the Government has until June 15, 2023, to file its opposition, which is **after** the Defendant's June 13, 2023 review hearing.

**Video Appearance**

The Court has granted remote appearances—video and telephonic—in previous cases involving a defendant's mental health concerns; however, evidence of a specific mental health diagnosis was clearly established, or probation supported the request for a video appearance. *See United States v. Stevenot*, Case No. 6:19-mj-00067-HBK-1 (E.D. Cal. Sept. 2019), *United States v. Rudy Llamas*, Case No. 6:22-po-00635-HBK-1 (E.D. Cal. Dec. 2022), *United States v. Ezra Burton*, Case No. 6:22-mj-00012-HBK (E.D. Cal. Aug. 2022). Here, Defendant provides a signed declaration and states he "struggles with [his] mental health." (Doc. No. 11-1). Without any elaboration, it is unclear what are Defendant's mental health struggles and how they prohibit from travelling to attend his mandatory Review Hearing.

**Arrest Warrant**

The Defendant also requests that the Court decline to issue an arrest warrant for possible probation violations. The Court declines to issue a premature ruling on this matter. It is within the Government's discretion to request an arrest warrant for any probation violations.

**Status Conference**

Because the Government has not been afforded adequate time to respond to Defendant's request to appear by video at his June 13, 2023 review hearing, the Court converts the June 13, 2023 review hearing to a status conference. A defendant's physical presence is not required at a status conference. Fed. R. Crim. P. 43(b)(3). As a result, the Court will permit Defendant to appear by video at his June 13, 2023 status conference. Furthermore, Defendant's unsupervised probation is set to expire on August 16, 2023. (Doc. No. 8). Thus, the Court will continue Defendant's Review Hearing to August 15, 2023 at 10:00 AM in Yosemite and require his personal appearance at that time absent further order by this Court.

Accordingly, it is **ORDERED**:

1. The Court sua sponte converts Defendant's mandatory June 13, 2023 Review Hearing to s a status conference.

2. Defendant's motion to appear by video (Doc. No. 11) is GRANTED to the extent Defendant may appear by video at his June 13, 2023 status conference.

3. Defendant's mandatory June 13, 2023 Review Hearing is CONTINUED to August 15, 2023 at 10:00 A.M.

4. Defendant's request that the Court decline to issue an arrest warrant for any possible probation violations is DENIED without prejudice.

Dated:   June 12, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE